CLD-021                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2777
_____

UNITED STATES OF AMERICA

v.

JAMES HOGELAND,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-05-cr-00162-001)
District Judge:  Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2022
Before: GREENAWAY, JR., MATEY, AND MCKEE, <u>Circuit Judges</u>

(Opinion filed: December 15, 2022)
_____

OPINION[*]
_____

PER CURIAM

   James Hogeland, a federal prisoner at FCI-Fairton, appeals an order of the District

Court denying his motion for compassionate release.  The Government has filed a timely

motion for summary affirmance, and to be relieved of the obligation to file a brief.  For

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the following reasons, we will grant the motion and summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2007, Hogeland was convicted of possession with intent to distribute methamphetamine and multiple related firearms offenses. Hogeland was sentenced to an aggregate term of 600 months in prison, which, by statute, was the mandatory minimum sentence that the Court was required to impose. His earliest anticipated release date is February 2047.

In October 2020, after exhausting his administrative remedies, Hogeland filed a motion for compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i), as amended by the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances. In that motion, coupled with his July 2021 supplemental motion, Hogeland argued for compassionate release based upon a combination of harsh prison conditions resulting from the COVID-19 pandemic,[1] his "extraordinary" rehabilitation efforts, and unwarranted sentencing disparities resulting from changes in federal sentencing laws and his election to proceed to trial rather than plead guilty. See D.Ct. ECF Nos. 210, 219. The District Court denied the motion, finding that "[e]ven when viewed in combination, the 'harsh prison conditions,' Hogeland's good prison record, and any purported

---

[1] Hogeland initially argued that various health conditions placed him at increased risk of illness from COVID-19. However, in his supplemental motion, Hogeland acknowledged he is now vaccinated and therefore "withdraws his COVID-19 argument as it relates to him being at great risk." D.Ct. ECF No. 219 at 9.

2

sentencing disparity do not make out an extraordinary and compelling reason warranting compassionate release." D.Ct. ECF No. 226 at 4.[2] Hogeland appeals that denial.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 329-30 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks and citation omitted). We may take summary action if the appeal presents no substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

We agree with the Government that the appeal does not present a substantial question. There is no indication that the District Court "committed a clear error of judgment" when it concluded that the circumstances presented by Hogeland, either individually or in combination, did not amount to extraordinary and compelling reasons that justify release. First, with respect to Hogeland's concerns regarding COVID-related prison conditions, Hogeland did not describe any circumstances setting him apart from other incarcerated individuals. His general concerns, including limitations on visitation and the inability to participate in educational and vocational programs, are insufficient to constitute extraordinary and compelling reasons to justify release. See generally United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of

---

[2] Because the District Court found no extraordinary or compelling reasons warranting relief, it did not address the sentencing factors set forth in 18 U.S.C. § 3553(a).

COVID-19 in society and the possibility that it may spread to a particular prison alone cannot justify compassionate release").

Second, while Hogeland presented ample evidence of his rehabilitation efforts, which are commendable, the District Court correctly concluded, and the statute is clear, that rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582. See 28 U.S.C. § 994(t). In addition, the District Court correctly concluded that nonretroactive changes to mandatory minimums do not support a finding of extraordinary or compelling reasons for release. See United States v. Andrews, 12 F.4th 255, 261 (3d Cir. 2021) (reasoning that "the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence" (citation omitted)). Further, although Hogeland received a harsher sentence than he would have had he entered into an offered plea agreement, the prosecution acted within its discretion in filing an enhancement notice under 21 U.S.C. § 851(a). The District Court did not abuse its discretion in determining that the increased sentence resulting from the enhancement is not an extraordinary and compelling reason warranting compassionate release. See Andrews, 12 F.4th at 261 ("[C]onsidering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties."). Nor did the District Court abuse its discretion in determining that all of these factors, taken in combination, failed to present extraordinary or compelling circumstances warranting relief.

Based on the foregoing, we grant the Government's motion and will summarily affirm the District Court's judgment.